UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

FILED
JUN - 8 2009
Clerk, U.S. District and Bankruptcy Courts

MRS. ETAGEGNI MULAW
1502 Meridian Place, NW #306
Washington, DC 20010

    Plaintiff,

v.

ARAMARK CORPORATION
980 Hammond Drive
Suite 1400
Atlanta, GA 30328

    Defendant.

Case: 1:09-cv-01059
Assigned To : Walton, Reggie B.
Assign. Date : 6/8/2009
Description: Employ. Discrim.

JURY ACTION

## COMPLAINT

1. Plaintiff alleges that defendant, her former employer, violated Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e, et.seq. the federal Family and Medical Leave Act ("FMLA"), 5 U.S.C. Sec. 2615 *et seq.* by terminating her employment after 3 years of good performance at a time when she was disabled by her treating physician because of serious and disabling asthma and allergy problems which caused her to miss time from work. Plaintiff was disabled by her treating physician from May 22, 2008 through May 27, 2008 because of constant coughing, vomiting and inability to sleep. Plaintiff promptly notified her employer of her need for time off and left messages at the corporate number and her supervisor's cell phone, as previously instructed by management before her scheduled shift. Defendant specifically cited to health related absences, including the May 22, 2008 absence, as the reason for terminating plaintiff. Plaintiff also alleges that her supervisor retaliated against her for

1

rejecting his sexual advances. He fired her once before after she rejected his requests to go shopping with him and to go out for a date and objected to his putting his hand on her behind. Plaintiff was reinstated with assistance of her union. However, shortly after her reinstatement, Plaintiff's supervisor again started writing Plaintiff up for alleged infractions in order to try to get rid of her and eventually terminated her.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, §1343(a)(3) and §706(f) of Title VII, 42 U.S.C. §2000e-5(f) and 29 U.S.C. § 2617(a)(2).

3. Venue in this district is appropriate pursuant to 28 U.S.C. §1391 and §706(f) of Title VII, 42 U.S.C. §2000e-5(f) because the acts of discrimination occurred in this judicial district and the defendant employed the plaintiff in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Prior to filing this case, the plaintiff has, in law or equity, complied with all administrative prerequisites to suit.

## PARTIES

4. Plaintiff, Etagegni Mulaw, is a United States citizen who currently resides in Washington, DC.

5. Defendant, Aramark Corporation, is a for profit corporation offering food and dining services to the public. Defendant employs more than several hundred employees at its various facilities around the country. Defendant engages in interstate commerce and is subject to the requirements of the Family Medical Leave Act, 5 U.S.C. 2615 and the Civil Rights Act of 1964, as amended.

## FACTS

6. Plaintiff was hired by defendant, Aramark, in July 2005 as a cashier. She worked for defendant at its location at 800 Independence Ave., SW, Washington, DC 20591, where defendant ran a dining service. She passed her probationary period and maintained a good work record with the company. In December 2007, her supervisor, Ron Curry, began asking Plaintiff to go with him for shopping trips and on dates. Plaintiff refused reminding him that she was married. On one occasion, in December 2007, when she was in the coffee storage area, Mr. Curry groped her behind without her permission. Plaintiff objected to the offensive touching and he apologized.

7. Plaintiff reported the sexual harassment to Mr. Curry's boss in either late 2007 or early 2008. However, the regional manager indicated that he could do nothing because it was her word against his denial.

8. Plaintiff was initially fired by defendant on 1/31/08 after she complained about the sexual harassment. However, she filed a complaint with her union and she was reinstated in late February.

9. Upon her return to work, Mr. Curry continued to write her up for pretextual reasons.

10. In April 2008, Plaintiff was taken to the Washington Hospital Center by ambulance because of inability to breathe and constant coughing and vomiting. She was diagnosed with asthma and related allergy problems and was prescribed medication. She continued to suffer from the same symptoms throughout the month of May 2008.

11. On May 22, 2008, she again suffered from symptoms related to her asthma/allergy problems which kept her up all night and called in early that morning

(approx. 4:30 AM) that she was too sick to work. Plaintiff called the defendant's office number where she was told to call and left a message that she was very sick and would not be able to come to work. Plaintiff also called the cell phone number of her supervisor, Ron Curry, and left a message on his cell phone that she would not be able to come in because of her serious health condition. Mr. Curry did not answer the phone. Plaintiff returned to work on 5/27/08 on the day her treating physician authorized her to return to work. Apart from 5/22/08, Plaintiff does not believe she missed any work because of the holiday weekend.

12. On May 27, 2008 Defendant terminated Plaintiff, citing her absence of 5/22/08 and prior absences as the basis.

13. Plaintiff's suffered greatly from her termination. She had difficulty finding another job and was forced to get by on unemployment income for several months. Her credit was affected and she suffered anxiety and sleeplessness worrying about her financial condition and how she would provide for her children.

### I. Defendant Violated FMLA

14. Plaintiff incorporates by reference paragraphs 1 through 13 above.

15. Under the Family Medical Leave Act, Plaintiff was entitled to use up to 12 weeks of time each year to cover disabling illness from work.

16. Defendant violated the Family and Medical Leave Act (FMLA), 29 U.S.C. Sec. 2615 by terminating Plaintiff for her missing work because of her covered medical condition.

17. Defendant's conduct was not in good faith, entitling Plaintiff to additional liquidated damages under the statute.

## II. SEX DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII

18. The plaintiff incorporates by reference paragraphs 1 through 17 above.

19. The defendant's decision to terminate plaintiff under the circumstances as set forth in the paragraphs above discriminated against her because of her gender in violation of §703 of Title VII, 42 U.S.C. §2000e-2 and were in retaliation for complaining about discrimination in violation of §704 of Title VII, 42 U.S.C. §2000e-2.

20. The defendant's actions were taken with malice toward, and/or in reckless indifference to, the plaintiff's federal rights.

21. As a result of the defendant's violations of Title VII, the plaintiff suffered a loss of employment, lost compensation and fringe benefits, and other rights and privileges of her employment.

22. As a result of the defendant's violations of Title VII, the plaintiff suffered emotional pain, mental anguish, humiliation and loss of enjoyment of life.

### REQUEST FOR RELIEF

Wherefore, plaintiff requests this Court grant her the following relief:

1. Direct defendant to reinstate plaintiff and make her whole for all losses in wages and benefits that she suffered because of defendant's illegal conduct;

2. Grant plaintiff additional liquidated damages for defendant's not in good faith violations of the Family Medical Leave Act;

3. Grant plaintiff compensatory damages for her pain, suffering and humiliation in being subjected to discrimination and retaliation;

4. Grant the plaintiff pre and post judgment interest on all amounts awarded;

5. Grant the plaintiff reimbursement for reasonable fees and costs associated with

securing her rights under FMLA and Title VII;

6. Grant plaintiff punitive damages;

7. Direct defendant to take such other actions that are necessary to give plaintiff complete relief under the law.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury regarding all issues to which she is entitled to a jury trial under law.

FOR THE PLAINTIFF,

/s/ James L. Kestell
James L. Kestell DC 955310
Kestell and Associates
1012 14th Street, NW, Suite 630
Washington, DC 20005
Tel. 202-347-4481
Fax 202-347-4482
jlkestell@cox.net